## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2017, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC.
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Elizabeth M. Littlejohn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mason S. Crockett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 21, 2017

Court of Appeals Case No.
84A01-1701-CR-20

Appeal from the Vigo Superior
Court

The Honorable David R. Bolk,
Judge

Trial Court Cause No.
84D03-1606-MR-1626

**Vaidik, Chief Judge.**

# Case Summary

Mason S. Crockett was convicted of voluntary manslaughter for stabbing his brother. The trial court sentenced him to twenty years. He now appeals arguing that his sentence is inappropriate. Because Mason has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

In 2016, Mason and his then-girlfriend, Kylee, lived with their three children in Terre Haute. When Mason's brother, Zachary Crockett, was released from jail, Mason and Kylee allowed him to move in with them. Shortly thereafter, Zachary and Kylee became romantically involved, which led Mason to move out. Despite moving out, Mason continued to financially support the household. Mason gave Kylee their shared car because of their children, continued to pay rent and utilities, and provided groceries for the household.

On May 16, 2016, the brothers got into a fight in response to Zachary's interference with Mason's visitation with his children. Mason was arrested and pled guilty to battery the following week. He was placed on probation.

Around 8:00 p.m. on June 16 Mason went to Kylee's house to pick up some personal items. Zachary was there at the time. Mason, intoxicated, confronted Zachary about a recent incident where he physically abused Kylee and one of the children. Another fight ensued between the brothers. Toward the end of the fight, Zachary began "taunting" Mason about his romantic relationship

with Kylee. Tr. Vol. III pp. 45-46. Mason stabbed Zachary in the chest and left.

[5] After the stabbing, Mason did not call 911 or otherwise seek help for his brother. Around 2:00 a.m., Mason called his mother, who lived in Tennessee, and told her that "he stabbed Zachary." Tr. Vol. III p. 18. However, Mason would not tell her where he left Zachary or give her the house address. She eventually received the address from Kylee and called the Sheriff's Office.

[6] A deputy from the Vigo County Sheriff's Office went to Kylee's house around 10:00 a.m. to conduct a welfare check for Zachary. Zachary's body was found around noon. Mason was arrested later that day. The State charged Mason with murder and Level 2 felony voluntary manslaughter. Mason and the State entered a plea agreement, whereby Mason would plead guilty to voluntary manslaughter and the State would dismiss the murder charge. Pursuant to the agreement, the sentence could not exceed twenty-five years.

[7] At the sentencing hearing, the court identified three aggravating circumstances: (1) Mason's prior criminal history; (2) the fact that he was on probation at the time of the offense; and (3) that Mason was convicted of battering Zachary about thirty days before the stabbing. The trial court identified two mitigating circumstances: (1) Mason pled guilty and took responsibility for the crime and (2) he was remorseful for his actions. The court sentenced Mason to twenty years.

[8] Mason now appeals.

# Discussion and Decision

[9] Mason contends that his twenty-year sentence is inappropriate in light of the "unremarkable nature of his offense" and his "notable character." Appellant's Br. p. 4. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). This Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the defendant." Ind. Appellate Rule 7(B). "A defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[11] A person who commits a Level 2 felony must be imprisoned for a fixed term of between ten and thirty years, with an advisory sentence of seventeen-and-a half

years. Ind. Code § 35-50-2-4.5. The trial court sentenced Mason to twenty years, which is slightly above the advisory term.

[12] Mason concedes that the offense is "serious." Appellant's Br. p. 8. However, he contends that the offense is not "as egregious as other killings." *Id.* To the contrary, an intoxicated Mason stabbed his brother and did not seek help for him afterwards. Mason testified that "it looked like [Zachary] saw death itself," yet he still did not call 911. Tr. Vol. III p. 46. Moreover, Mason told his mother that he stabbed his brother but refused to give his whereabouts. Zachary's body was not found until about sixteen hours later.

[13] Mason's character does not fare much better. Since the age of fifteen, Mason has been committing crimes, which have become more violent over time. At the time of sentencing, Mason "had two juvenile adjudications, two prior felonies and three misdemeanor convictions." Tr. Vol. III pp. 58-59. In addition, at the time of stabbing, Mason was on probation for battering his brother a mere thirty days earlier.

[14] Given the nature of this crime and Mason's criminal history, we conclude that his twenty-year sentence is not inappropriate.

[15] Affirmed.

Bailey, J., and Robb, J., concur.